**Reversed and Remanded and Opinion filed June 5, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00898-CV

---

## CHARLES P. CURRY AND JENNIFER CURRY, Appellants

## V.

## HARRIS COUNTY APPRAISAL DISTRICT, Appellee

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2011-57215**

---

## OPINION

Today we address the scope of a property owner's rights and remedies to challenge the appraised value of real property for property-tax purposes. The property owners asserted protests before the appraisal review board, challenging the appraised value of their real property. The appraisal review board concluded

that the appraisal for the tax year at issue was incorrect and ordered that the market and appraised value be lowered substantially to a value that the property owners' agent opined was the property's value in sworn testimony before the appraisal review board. Despite this reduction in the market and appraised value of their property, the property owners timely appealed the appraisal review board's order to the district court. In reviewing the summary judgment in favor of the appraisal district, we consider whether the doctrine of judicial estoppel precluded the property owners from asserting on appeal in the district court that the appraised value of the property should be less than the value to which the property owners' agent testified before the appraisal review board. We conclude that the district court had jurisdiction over the appeal, and that the property owners exhausted their administrative remedies and have standing to appeal. Because the summary-judgment evidence does not establish as a matter of law the appraisal district's entitlement to summary judgment based on the sole ground asserted, judicial estoppel, we reverse the trial court's judgment and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants/plaintiffs Charles P. Curry and Jennifer Curry own real property with improvements, including a residence, in Harris County, Texas ("Property"). For the 2011 tax year, appellee/defendant Harris County Appraisal District (the "Appraisal District") determined that the market value of the Property was $1,633,286 and that the appraised value was $1,633,286. Though the record does not contain a copy of the Currys' notice of protest, the record reflects that the Currys timely filed a notice of protest with the Appraisal Review Board of the Harris County Appraisal District (the "Review Board"), in which the Currys

2

protested that the appraised value was greater than the market value and that the appraised value was unequal compared with other properties.

The summary-judgment evidence contains a document entitled "Hearing Affidavit," which, according to its terms, was signed by the Currys' designated property-tax agent (the "Agent") shortly before the formal hearing on the Currys' protest before the Review Board (the "Formal Hearing"). In the Hearing Affidavit, the Agent states that her "opinion of value for this property is [] $1,505,000." The summary-judgment evidence also contains a transcript of the proceedings during the Formal Hearing, at which the Agent testified under oath that her "opinion of value" was $1,505,000. Following a contested Formal Hearing on the Currys' protest, the Review Board issued an order in which it determined that the appraisal of the Property was incorrect. The Review Board determined that the market value of the Property and the appraised value of the Property for the 2011 tax year each should be $1,505,000 (the "Reduced Value"), and ordered the appraisal records changed accordingly.

Notwithstanding this reduction in the market value and appraised value of the Property, the Currys timely appealed the Review Board's order determining their protest by filing a petition for review in the district court within sixty days after they received notice of the entry of the Review Board's final order. In their petition, the Currys alleged that the Property is excessively appraised and unequally appraised, and the Currys sought the remedies provided under Tax Code section 42.25, "Remedy for Excessive Appraisal," and section 42.26, "Remedy for Unequal Appraisal."

After answering the suit, the Appraisal District filed a traditional motion for summary judgment on its defense of judicial estoppel. In its motion, the Appraisal

District sought judgment as a matter of law on the merits; it did not seek a jurisdictional dismissal. In its sole summary-judgment ground, the Appraisal District asserted that the summary-judgment evidence conclusively proves that the doctrine of judicial estoppel precludes the Currys from asserting on appeal that the appraised value of the Property should be less than the Reduced Value. The only summary-judgment evidence tendered by the Appraisal District was (1) the Currys' appointment of property-tax agent, (2) a transcript of the proceedings during the Formal Hearing, (3) the Hearing Affidavit, and (4) the Review Board's final order. The Appraisal District based its judicial-estoppel defense on both the Agent's testimony under oath during the Formal Hearing that her "opinion of value" was $1,505,000 and on a substantially similar statement by the Agent in the Hearing Affidavit. In an order finally adjudicating the Currys' appeal, the trial court granted the Appraisal District's summary judgment on the merits, and the trial court also determined that the Currys failed to exhaust their administrative remedies and therefore have no right to appeal to the district court.[1] The Currys timely appealed to this court.

## II. ISSUES AND ANALYSIS

On appeal, the Appraisal District asserts that the trial court lacked subject-matter jurisdiction because (1) Texas statutes do not allow property owners who successfully protest the valuation of their real property before an appraisal review board to appeal to the district court; (2) the Currys lack standing to challenge or appeal the Review Board's order; and (3) to the extent the Currys claim that the market value or appraised value of the Property should be lower than the Reduced Value, the Currys have not exhausted their administrative remedies.

---

[1] The inconsistent relief granted by the trial court is discussed in Section II.A. below.

4

The Currys present three appellate issues: (1) whether the trial court erred in granting the Appraisal District's summary-judgment motion, (2) whether the trial court erred in applying judicial estoppel to a statutory claim, and (3) whether the trial court erred in considering the Hearing Affidavit over the Currys' objections to this summary-judgment evidence.

## A.     What relief did the trial court grant in its motion?

We begin by determining what relief that the trial court granted in the order from which the Currys appeal.  The title of this order is "Order Granting Defendant's Motion for Summary Judgment"; however, we give effect to the substance rather than the form or title of the order.  *See Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336–38 (Tex. 2000).  In the first paragraph of the order, the trial court granted the Appraisal District's summary-judgment motion, in which the Appraisal District sought a judgment on the merits based on its defense of judicial estoppel.  In that motion, the Appraisal District did not challenge the trial court's subject-matter jurisdiction or assert that the Currys had failed to exhaust their administrative remedies.  Thus, in the first paragraph of the order, the trial court granted summary judgment against the Currys on the merits of their appeal.

In the second paragraph of the order, the trial court made various statements regarding the Currys' legal arguments and then concluded that the Currys "failed to exhaust their administrative remedies and have no right to appeal to this court." As alluded to by the trial court, if the Currys had failed to exhaust their administrative remedies, the trial court would lack subject-matter jurisdiction over the Currys' appeal. *See Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 501–02 (Tex. 2006) (per curiam); *Houston Indep. School Dist. v. 1615 Corp.*, 217

S.W.3d 631, 637–38 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). The trial court did not vacate its grant in the same order of summary judgment on the merits.

When there is an issue as to the trial court's subject-matter jurisdiction, the trial court first must determine that it has subject-matter jurisdiction before addressing the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93–95, 118 S.Ct. 1003, 1012–13, 140 L.Ed.2d 210 (1998); *Coastal Oil & Gas Corp. v. Garza Energy Trust*, 268 S.W.3d 1, 9 (Tex. 2008); *Tex. Ass'n of Bus. v. Texas Air Control Board*, 852 S.W.2d 440, 443–46 (Tex. 1993). In the face of an issue or doubt as to whether a court has subject-matter jurisdiction, the court should not presume that it has subject-matter jurisdiction and proceed to adjudicate the merits. *See Steel Co.*, 523 U.S. at 93–95, 118 S.Ct. at 1012–13; *Coastal Oil & Gas Corp.*, 268 S.W.3d at 9; *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–46. If a court rules on the merits and then determines that it lacks subject-matter jurisdiction, the court should vacate its ruling on the merits. *See Steel Co.*, 523 U.S. at 93–95, 118 S.Ct. at 1012–13; *Coastal Oil & Gas Corp.*, 268 S.W.3d at 9; *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–46.

In its order, the trial court both granted the Appraisal District's summary judgment on the merits of the Currys' appeal and also determined that the Currys' have no right to appeal because they failed to exhaust their administrative remedies. Thus, the trial court effectively dismissed the Currys' appeal on the merits based upon judicial estoppel and for lack of subject-matter jurisdiction based on failure to exhaust administrative remedies. On appeal, the Currys challenge both the trial court's granting of the Appraisal District's summary-judgment motion and the trial court's determination that they failed to exhaust their

6

administrative remedies. Nonetheless, the Currys did not complain in the trial court or on appeal that the trial court erred in addressing the merits before determining whether it had jurisdiction, nor did the Currys complain that the trial court erred in dismissing both on the merits and for lack of subject-matter jurisdiction.

If the trial court lacked subject-matter jurisdiction, then its ruling on the merits is void. *See Steel Co.*, 523 U.S. at 93–95, 118 S.Ct. at 1012–13; *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–46. If the trial court had subject-matter jurisdiction, then it had the power to grant the Appraisal District's summary-judgment motion on the merits. *See Steel Co.*, 523 U.S. at 93–95, 118 S.Ct. at 1012–13; *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–46. In this unusual situation, we first address challenges to the trial court's subject-matter jurisdiction that the Appraisal District asserts on appeal, which include the argument that the Currys failed to exhaust their administrative remedies, as found by the trial court.[2] If we determine that the trial court and this court have jurisdiction, then we shall address whether the trial court erred in granting summary judgment.

**B.** **Does the Tax Code allow the property owners to appeal the order of the appraisal review board?**

The Appraisal District suggests that, though the Tax Code allows a property owner who is unsuccessful in a protest before an appraisal review board to appeal to the district court for review by trial de novo, the Tax Code does not provide for an appeal to the district court by a property owner who is successful in such a protest. Therefore, we consider the applicable provisions of the Tax Code and the

---

[2] If the trial court lacked subject-matter jurisdiction, then this court likewise would lack subject-matter jurisdiction over this appeal, so we must inquire into the jurisdictional challenges raised by the Appraisal District, even if some of them were not addressed in the trial court's order.

Currys' protest and appeal to decide whether the Tax Code allows the Currys to appeal to the district court.

In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id*. If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction but instead we must yield to the plain sense of the words the Legislature selected. *See id*.

The appraised value of the Property required by law for a particular tax year is the market value of the Property as of the first day of that year. *See* Tex. Tax Code Ann. § 23.01(a) (West 2014); *Atascosa County Appraisal Dist. v. Tymrak*, 858 S.W.2d 335, 336 (Tex. 1993); *Harris County Appraisal Dist. v. United Investors Realty Trust*, 47 S.W.3d 648, 650 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). The Currys were entitled to protest before the Review Board that the appraised value of the Property for the 2011 tax year exceeded the market value of the Property as of January 1, 2011, and that the Property was appraised unequally. *See* Tex. Tax Code Ann. § 41.41(a) (West 2014). In their timely-filed notice of protest with the Review Board, the Currys protested that the appraised

value of the Property was greater than the market value of the Property as of January 1, 2011, and that the Property was appraised unequally.[3]

Following the Formal Hearing, the Review Board determined that both the market value of the Property as of January 1, 2011, and the appraised value of the Property for the 2011 tax year should be lowered to the Reduced Value. The Review Board issued a final order to this effect. The Tax Code provides that "[a] property owner is entitled to appeal . . . an order of the appraisal review board determining . . . a protest by the property owner as provided by Subchapter C of Chapter 41." Tex. Tax Code Ann. § 42.01(a) (West 2014). To file such an appeal, a property owner must file a petition for review with the district court within sixty days after the property owner received notice that such an order of the appraisal review board had been entered. *See* Tex. Tax Code Ann. § 42.21(a) (West 2014). This court has characterized the property owners who have a right to appeal to the district court under section 42.01 as property owners who are "dissatisfied by the determination of the appraisal review board following the protest hearing." *Appraisal Review Board of Harris County Appraisal Dist. v. Spencer Square, Ltd.*, 252 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Review in the district court is de novo, and the district court must try all issues of fact and law raised by the pleadings in the district court in the manner applicable to civil suits generally. *See* Tex. Tax Code Ann. § 42.23(a) (West 2014). If a property owner protested the property's appraised value before the appraisal review board, then this trial de novo on appeal in the district court

---

[3] This protest is reflected by the order of the Review Board. In addition, in their petition in the district court, the Currys alleged that they protested before the Review Board that the Property was excessively appraised and unequally appraised, and the Appraisal District has presented no evidence that the Currys did not protest these matters before the Review Board.

9

permits any party to offer evidence regarding the property's appraised value as determined in accordance with the requirements of law, even if that evidence was not presented to the appraisal review board. *See id*. §§ 42.23(a), 42.24 (West 2014); *PR Investments v. State of Texas*, 251 S.W.3d 472, 476 (Tex. 2008) (concluding that a trial de novo conducted in the same manner as in other civil cases is not limited to the same evidence that was presented in prior administrative proceedings); *Harris County Appraisal Dist. v. ETC Marketing, Ltd*., 399 S.W.3d 364, 372 (Tex. App.—Houston [14th Dist.] 2013, pet. filed) (noting that a trial de novo on appeal from the appraisal review board's determination of appraised value permits each party to put on new evidence of value). Following such a trial de novo, the district court has the power to determine the appraised value of the property in accordance with the requirements of law, and the district court may determine that this value is either lower or higher than the appraised value determined by the appraisal review board, regardless of whether the appraisal district has appealed. *See* Tex. Tax Code Ann. § 42.24; *Cherokee Water Co. v. Gregg County Appraisal Dist*., 801 S.W.2d 872, 877 (Tex. 1990). Thus, by appealing to the district court, a property owner incurs additional transaction costs and runs the risk that the appraised value may be raised, rather than lowered, as a result of the appeal to the district court. *See* Tex. Tax Code Ann. § 42.24; *Cherokee Water Co.*, 801 S.W.2d at 877.

A property owner is entitled to appeal an order of the appraisal review board determining a protest by the property owner under Subchapter C of Chapter 41.[4] Tex. Tax Code Ann. § 42.01(a). Giving effect to section 1.111(e), a property owner is not entitled to appeal an order of the appraisal review board if the review

[4] Unless otherwise specified, all statutory references herein are to the Texas Tax Code.

board's determination is based on an agreement between the property owner or the owner's agent and the chief appraiser or the chief appraiser's representative. *See id*. § 1.111(e) (West 2014) (stating that "[a]n agreement between a property owner or the owner's agent and the chief appraiser is final if the agreement relates to a matter . . . which may be protested to the appraisal review board or on which a protest has been filed but not determined by the board"); *KM TS Spring Cypress L.L.C.v. Harris County Appraisal Dist*., No. 14-09-00978-CV, 2010 WL 3921126, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 7, 2010, pet. denied) (holding that district court lacked subject-matter jurisdiction over property owner's attempt to appeal under section 42.01 because during the hearing on the property owner's protest before the appraisal review board, an agreement under section 1.111(e) was reached and the appraisal review board's order gave effect to this agreement) (per curiam, mem. op.).

The record reflects that the Currys did not enter into a section 1.111(e) agreement that would deprive the district court of jurisdiction over an appeal under section 42.01.[5] *See* Tex. Tax Code Ann. § 1.111(e); *KM TS Spring Cypress L.L.C.*, 2010 WL 3921126, at *1–2. The Currys are property owners who timely filed a petition for review in the district court seeking appellate review by trial de novo of the Review Board's final order determining their protest under Subchapter C, Chapter 41. Based on the unambiguous wording of section 42.01, the Currys may prosecute such an appeal. *See* Tex. Tax Code Ann. § 42.01(a); *KM TS Spring Cypress L.L.C.*, 2010 WL 3921126, at *1–2 (noting that under section 42.01, a property owner is entitled to appeal an order of the appraisal review board

---

[5] This lack of agreement is reflected by the order of the Review Board. In addition, in their petition in the district court, the Currys alleged that they did not reach any such agreement, and the Appraisal District has not argued or presented evidence that would show otherwise.

determining a protest by the property owner, but that a property owner may not do so if the appraisal review board's order was based on an agreement under section 1.111(e)); *G.E. American Comm'n v. Galveston Central Appraisal Dist.*, 979 S.W.2d 761, 763 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (noting that "if [a property owner] is dissatisfied with the decision of the appraisal review board, the property owner is authorized to appeal by a trial de novo in the district court").

The Appraisal District suggests that the Tax Code does not provide for an appeal to the district court by a property owner who is successful in a protest before an appraisal review board. But, the Appraisal District cites no case law that supports this proposition. In addition, section 42.01 contains no language that would support this notion, and there is no statute analogous to section 1.111(e) providing that an order of an appraisal review board is final if the appraisal review board fixes the appraised value based on an opinion of value offered by the property owner. Moreover, nothing in our record reflects that the Currys limited their protest regarding excessive appraisal or unequal appraisal to a single request that the appraised value be lowered to the Reduced Value. Though the Agent testified at the Formal Hearing that her "opinion of value" was $1,505,000, the Agent did not state that the Currys were waiving their unequal-appraisal complaint or that the only ground of protest that the Currys were presenting to the Review Board was that the appraised value and market value of the Property should be lowered to the Reduced Value. Thus, on this record, we cannot conclude that the Currys were completely successful in their protest before the Review Board that the Property's appraised value was greater than the market value and that the appraised value was unequal compared with other properties.

The Appraisal District notes that "[t]he intent of the administrative review process is to resolve the majority of tax protests at [the administrative] level, thereby relieving the burden on the court system." *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990). The Appraisal District asserts that providing a right to appeal to property owners who prevailed at the administrative level would defeat this intent and would waste the district court's resources. This court must give effect to the Tax Code's unambiguous language; it is not the office of this court to pass on the wisdom of the Legislature's statutory creation or to rewrite a statute the Legislature has enacted or to substitute our view of public policy for that of the Legislature. *See Nat'l Liab. & Fire Ins. Co.*, 15 S.W.3d at 527; *Lee v. City of Houston*, 807 S.W.2d 290, 293 (Tex. 1991). The Legislature could have promulgated a statute precluding a property owner from appealing to the district court if the appraisal review board fixed the appraised value based on an opinion of value offered by the property owner. It did not. The current statutory regime and system for challenging property-tax appraisals has been in effect for more than three decades, yet today is the first occasion for this court (or apparently any other appellate court) to address whether such a property owner has the right to appeal.[6] The Legislature put in place a system that provides for a review by trial de novo in the district court.

We note, however, that the statute has built-in deterrents that operate in a way that strongly suggests the Appraisal District's concerns about potential inefficiencies and wasted resources are unwarranted. A property owner who chooses to appeal to the district court even though the appraised value has been substantially lowered by the appraisal review board incurs the substantial

---

[6] The same issue is addressed today by this court in *Patel v. Harris County Appraisal District*, Cause No. 14-12-00892-CV.

13

transaction costs of prosecuting a civil case in the district court and runs the risk that the appraised value may remain the same or even be raised as a result of the appeal to the district court. *See* Tex. Tax Code Ann. § 42.24; *Cherokee Water Co.*, 801 S.W.2d at 877. A property owner who appeals to the district court is entitled to recover attorney's fees only if the owner prevails on appeal. *See* Tex. Tax Code Ann. § 42.29 (West 2014). With these attendant risks and transaction costs, property owners are not likely to pursue appeals lightly.

For the foregoing reasons, we conclude that the Currys were entitled to appeal to the district court for review by trial de novo of the Review Board's final order.

**C.** **Do the property owners have standing to appeal the appraisal review board's order to the district court?**

The Appraisal District also asserts that the Currys lack standing to appeal the the Review Board's order to the district court because: (1) the Currys were not aggrieved by, nor did they suffer any injury from this order; and (2) there is no controversy between the Appraisal District and the Currys. In considering the issue of standing, courts focus on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). A plaintiff has standing when it is personally aggrieved. *Id*. The standing doctrine requires that there be a real controversy between the parties that actually will be determined by the judicial declaration sought. *Id*. at 849.

The record reflects that the Currys are the owners of the Property and that they have a justiciable interest in the amount of property taxes that they must pay based on their ownership of it. In their petition in the district court, the Currys

allege that, even after the Review Board lowered the market value and appraised value, the Property is unequally appraised and excessively appraised, and the Currys ask the district court to fix the market value of the Property as of January 1, 2011, at a value below the Reduced Value. In its answer, the Appraisal District denies these allegations, and asserts that the Currys are not entitled to the relief they seek. The Appraisal District asserts that the market value and appraised value of the Property determined by the Review Board should not be changed. Thus, there is a real controversy between the parties that actually will be determined by the proceedings in the district court. *See Anambra State Community in Houston, Inc. v. Ulasi*, 412 S.W.3d 786, 791–92 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

According to the Appraisal District, the Currys protested that the market value and appraised value of the Property should be lowered to the Reduced Value, the Review Board granted this relief, and the Appraisal District is not contesting the Currys' entitlement to this relief. Therefore, the Appraisal District asserts, the Currys were not aggrieved by the Review Board's order and there is no controversy between the parties. As explained in the previous section, nothing in our record reflects that the Currys limited their protest regarding excessive appraisal or unequal appraisal to a single request that the appraised value be lowered to the Reduced Value. Thus, on this record, we cannot conclude that the Currys received the greatest possible relief that they could have received based on their protest before the Review Board.

Accordingly, we conclude that the Currys have standing to appeal the Review Board's order to the district court. *See Anambra State Community in*

*Houston, Inc.*, 412 S.W.3d at 791–92; *Smalley v. Smalley*, 399 S.W.3d 631, 636 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

**D.      Have the property owners exhausted their administrative remedies?**

The Appraisal District asserts that, to the extent the Currys claim that the market value or appraised value of the Property should be lower than the Reduced Value, the Currys have not exhausted their administrative remedies before the Review Board.   In its order, the trial court concluded that the Currys failed to exhaust their administrative remedies.   With certain limited exceptions that do not apply in the case under review, the procedures prescribed by Title 1 of the Tax Code for adjudication of the grounds of protest authorized by this title are exclusive.   *See* Tex. Tax Code Ann. § 42.09 (West 2014).   Though review on appeal in the district court is by trial de novo, a property owner's failure to protest a ground of protest before the appraisal review board deprives the district court of jurisdiction because the property owner has failed to exhaust administrative remedies as to that ground.   *See ETC Marketing, Ltd.*, 399 S.W.3d at 371–72. Nonetheless, the Tax Code defines the ground of protest regarding appraised value broadly as a protest of the appraisal district's "determination of the appraised value of the owner's property."   Tex. Tax Code Ann. § 41.41(a)(1).   *See id*. § 41.44(d) (West 2014) (stating that "[a] notice of protest is sufficient if it identifies the protesting property owner, . . . identifies the property that is the subject of the protest, and indicates apparent dissatisfaction with some determination of the appraisal office"); *ETC Marketing, Ltd*., 399 S.W.3d at 371–72 (indicating that the threshold for exhausting administrative remedies as to issues regarding appraised value is low); *Koll Bren Fund VI, LP v. Harris County Appraisal Dist.*, No. 01-07-003210-CV, 2008 WL 525799, at *3 (Tex. App.—Houston [1st Dist.] Feb. 28,

16

2008, pet. denied) (stating that section 41.41(a)(1) recognizes the right of a property owner to a determination of the appraised value of the owner's property) (mem. op.). Indeed, the Appraisal District indicated in argument in a prior case in this court that a protest that the appraised value exceeded the market value of the property would be sufficient to exhaust administrative remedies as to a claim that the property was unequally appraised. *See ETC Marketing, Ltd.*, 399 S.W.3d at 372.

As stated above, nothing in our record reflects that the Currys limited their protest regarding excessive appraisal or unequal appraisal to a single request that the appraised value be lowered to the Reduced Value. The record does reflect that the Currys timely filed a notice of protest with the Review Board, in which the Currys protested that the appraised value was greater than the market value and that the appraised value was unequal compared with other properties. We conclude that the Currys have exhausted their administrative remedies. *See id.* Accordingly, the district court erred in concluding otherwise.

We have rejected all of the Appraisal District's jurisdictional challenges. We conclude that the trial court had jurisdiction over the appeal in the district court and that this court likewise has jurisdiction over this appeal.[7] Accordingly, we now address the Currys' challenge to the trial court's granting of the Appraisal District's summary-judgment motion.

---

[7] Having concluded that the trial court had jurisdiction over the appeal in the district court and that this court has jurisdiction over this appeal for the reasons stated above, we need not and do not address whether section 42.21(h) applies to the case under review and whether it provides a basis for concluding that the trial court had jurisdiction. *See* Act of May 24, 2013, 83rd Leg., R.S., ch. 1259, §25, 2013 Tex. Sess. Law Serv. 3183, 3193 (codified at Tex. Tax Code Ann. § 42.21(h) (West 2014)).

**E.** **Does the summary-judgment evidence conclusively prove that the appraisal district is entitled to summary judgment as a matter of law?**

In their first issue, the Currys assert that the trial court erred in granting the Appraisal District's summary-judgment motion. The only summary-judgment ground asserted in this motion was that the summary-judgment evidence conclusively proves that the doctrine of judicial estoppel precludes the Currys from asserting on appeal that the appraised value of the Property should be less than the Reduced Value. Thus, this court may affirm the trial court's summary judgment only if this ground has merit. *See Stiles v. Resolution Trust Corp.*, 867 S.W.3d 24, 26 (Tex. 1993).

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

The doctrine of judicial estoppel bars a party who successfully has maintained a position in a prior judicial proceeding from later adopting an inconsistent position unless the party can show that the prior statement was made inadvertently due to mistake, fraud, or duress. *Graves v. Tomlinson*, 329 S.W.3d

18

128, 138 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). This doctrine upholds the sanctity of the oath and targets the prejudice that would result to the administration of justice if a litigant were allowed to swear one way in one proceeding and a different way in a subsequent proceeding. *See id*. Judicial estoppel applies when (1) a sworn, prior inconsistent statement was made in a judicial proceeding; (2) the party now sought to be estopped successfully maintained the prior position; (3) the prior inconsistent statement was not made inadvertently or because of mistake, fraud, or duress; and (4) the statement was deliberate, clear, and unequivocal. *Id*. Judicial estoppel does not apply to a contradictory position taken in the same proceeding; it comes into play only in a subsequent action. *Id*. Our court has held that an appeal in the same case is not a subsequent action to which judicial estoppel applies. *See id*.

This court has concluded that judicial estoppel does not apply on appeal in this court regarding allegedly contradictory statements made in the trial court, because the statements were made in the same proceeding for the purposes of the judicial-estoppel doctrine. *See id*.; *Vinson & Elkins v. Moran*, 946 S.W.2d 381, 397 (Tex. App.—Houston [14th Dist.] 1997, writ dism'd). These cases involved an appeal in this court in which the lower court's fact findings were reviewed under a deferential standard; these cases did not involve an appeal in which review was by trial de novo, as was the case in the district court below. *See Graves*, 329 S.W.3d at 138–39; *Vinson & Elkins*, 946 S.W.2d at 411–13. Nonetheless, this court has concluded that statements in a lower court may not be used as a basis for judicial estoppel on appeal from the judgment in the lower court, and an appeal in which review is by trial de novo is even more closely connected with the lower court proceedings than an appeal in which the court defers to the lower court's fact findings. Under precedent from this court, for judicial-estoppel purposes, the

19

Hearing Affidavit and the Agent's sworn testimony at the Formal Hearing were a part of the proceedings before the Review Board, which are part of the same proceeding as the appeal in the district court. *See Graves*, 329 S.W.3d at 138; *Vinson & Elkins*, 946 S.W.2d at 396–97. Therefore, any statement in the Hearing Affidavit or at the Formal Hearing cannot be a basis for application of the judicial-estoppel doctrine in the district court, and the district court erred in granting summary judgment based on judicial estoppel. *See Graves*, 329 S.W.3d at 138; *Vinson & Elkins*, 946 S.W.2d at 396–97.

The Appraisal District relies upon the Fifth Court of Appeals's opinion in *Webb v. City of Dallas*. *See* 211 S.W.3d 808, 820 (Tex. App.—Dallas 2006, pet. denied). In that opinion, the court relied on judicial estoppel as an additional basis for its decision. *See id*. The statement upon which the *Webb* court relied was an unsworn statement in proceedings before the administrative law judge that were appealed to the district court and then to the court of appeals. *See id*. This part of the *Webb* opinion conflicts with the precedent of this court; therefore, we do not follow it. *Compare Webb*, 211 S.W.3d at 820, *with Graves*, 329 S.W.3d at 138; *Spera*, 25 S.W.3d at 871–72; *Vinson & Elkins*, 946 S.W.2d at 396–97. *See also Chase Home Fin., L.L.C. v. Cal. W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating that "[a]bsent a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court").

The summary-judgment evidence did not conclusively prove that the Appraisal District was entitled to judgment as a matter of law based upon the

doctrine of judicial estoppel. Accordingly, we sustain the Currys' first issue, and reverse and remand.[8]

## III. CONCLUSION

The Tax Code allows the Currys to appeal the order of the Review Board on their protest to the district court for review by trial de novo. The Currys have standing to appeal this order to the district court, and they have exhausted their administrative remedies. Under this court's precedent, any statement in the Hearing Affidavit or at the Formal Hearing cannot be a basis for application of the judicial-estoppel doctrine in the district court, and the trial court erred in granting the Appraisal District's summary-judgment motion. Therefore, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.

---

[8] We need not and do not address the Currys' second or third issues.