**Affirmed and Majority Opinion and Concurring and Dissenting Opinion filed April 29, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00214-CV

---

### JACK PIDGEON AND LARRY HICKS, Appellants

### V.

### SYLVESTER TURNER, IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF HOUSTON, AND THE CITY OF HOUSTON, Appellees

---

**On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2014-61812**

---

# CONCURRING AND DISSENTING OPINION

In its final order, the trial court impliedly dismissed all claims asserted in this case for lack of subject-matter jurisdiction and, at the same time, impliedly granted summary judgment on the merits of the plaintiffs' claims. This court should employ a straightforward analysis explaining how the plaintiffs have not shown the trial court erred in dismissing all claims for lack of subject-matter

jurisdiction based on governmental immunity, affirming only this ruling of the trial court, and vacating the trial court's rulings on the merits. Instead, the majority includes substantial amounts of obiter dicta in its analysis. In addition, after correctly concluding that the plaintiffs have not shown that the trial court erred in dismissing all claims for lack of subject-matter jurisdiction, the majority proceeds to address the merits of the plaintiffs' claims, over which this court lacks subject-matter jurisdiction. An appellate court should strive to avoid unnecessary statements in its opinions, especially if the unnecessary statements address matters over which the court lacks subject-matter jurisdiction.

Appellants Jack Pidgeon and Larry Hicks (collectively, the "Pidgeon Parties") sued appellee Sylvester Turner, in his official capacity as the Mayor of the City of Houston (the "Mayor") and appellee City of Houston ("the City"). In their live petition, the Pidgeon Parties alleged two claims: (1) the Pidgeon Parties brought suit as taxpayers to enjoin the Mayor's alleged ultra vires expenditures of public funds, and to secure an injunction that requires city officials to claw back public funds that were spent in violation of section 6.204(c)(2) of the Texas Family Code; article I, section 32 of the Texas Constitution; and article II, section 22 of the City of Houston charter; and (2) the Pidgeon Parties brought suit under the Texas Declaratory Judgments Act, asking the trial court to declare that the Mayor Annise Parker's directive of November 19, 2013 violated state law, and to declare further that the mayor and city officials have no authority to disregard state law merely because it conflicts with their personal beliefs of what the United States Constitution or federal law requires. The Pidgeon Parties asked the trial court to make various declarations, to issue a temporary and a permanent injunction, and to award them attorney's fees.

The Mayor and the City (collectively, the "City Parties") asserted in

2

"Defendant's Plea to the Jurisdiction and/or Counter-Motion For Summary Judgment" (the "Hybrid Motion") that (1) the trial court lacks subject-matter jurisdiction over all of the Pidgeon Parties' claims because the City Parties enjoy immunity from suit under the doctrine of governmental immunity; (2) the trial court lacks subject-matter jurisdiction over the Pidgeon Parties' "claw back" claim because the Pidgeon Parties do not have standing to seek "claw back" of public funds already spent; (3) as a matter of law the Pidgeon Parties are not entitled to any declaratory relief or attorney's fees; and (4) as a matter of law the Pidgeon Parties are not entitled to any injunctive relief. Under the first two grounds of the Hybrid Motion, the City Parties would be entitled to a dismissal for lack of subject-matter jurisdiction. Under the second two grounds, the City Parties would be entitled to dismissal of claims on summary judgment on the merits. The trial court signed a final order granting the Hybrid Motion and dismissing all of the Pidgeon Parties' claims without specifying any ground on which the trial court relied. Thus, the trial court implicitly based the order on each ground stated in the Hybrid Motion, dismissing for lack of jurisdiction based on the first two grounds and dismissing on the merits based on the third and fourth grounds. *See Okpere v. National Oilwell Varco, L.P.*, 524 S.W.3d 818, 824 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

When there is an issue as to the trial court's subject-matter jurisdiction, including an issue of governmental immunity, the trial court first must determine that it has subject-matter jurisdiction before addressing the merits. *See Hillman v. Nueces County*, 579 S.W.3d 354, 359 n.5 (Tex. 2019); *Curry v. Harris County Appraisal Dist.*, 434 S.W.3d 815, 820 (Tex. App.—Houston [14th Dist.] 2014, no pet.). In the face of an issue or doubt as to whether a court has subject-matter jurisdiction, a court may not presume that it has subject-matter jurisdiction and

3

proceed to adjudicate the merits. *See Zachary Const. Corp. v. Port of Houston Ayth. of Harris Cnty.*, 449 S.W.3d 98, 105 (Tex. 2014); *Curry*, 434 S.W.3d at 820. If a court determines that it lacks subject-matter jurisdiction over claims, the court cannot rule on the merits of the claims and must dismiss the claims for lack of subject-matter jurisdiction, or, if possible, the court may transfer the claims to a court that has subject-matter jurisdiction over the claims. *See In re Dow*, 481 S.W.3d 215, 220 (Tex. 2015) (stating that "Without jurisdiction, we may not address the merits of the case"); *Kormanik v. Seghers*, 362 S.W.3d 679, 693 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

When reviewing an order in which the trial court paradoxically dismisses claims for lack of subject-matter jurisdiction and also adjudicates the merits of those claims, this court should first address all the challenges to the trial court's subject-matter jurisdiction. *See Curry*, 434 S.W.3d at 820. If the trial court correctly determined that it lacked subject-matter jurisdiction, then this court should affirm this ruling and vacate that part of the order in which the trial court addressed the merits. *See Stamos v. Houston Indep. Sch. Dist.*, No. 14-18-00340-CV, 2020 WL 1528047, at *4 (Tex. App.—Houston [14th Dist.] Mar. 31, 2020, no pet.) (mem. op.); *Curry*, 434 S.W.3d at 820. If the trial court erred in dismissing the claims for lack of subject-matter jurisdiction, then the trial court had the power to adjudicate the merits, and only then should this court address the challenges to the grounds on which the trial court dismissed on the merits. *See Curry*, 434 S.W.3d at 820.

On appeal, the Pidgeon Parties have not shown that the trial court erred in dismissing all of their claims for lack of subject-matter jurisdiction based on governmental immunity under the first ground of the Hybrid Motion. The only bases for avoiding governmental immunity from suit that the Pidgeon Parties have

asserted are (1) the waiver of immunity contained in the Texas Declaratory Judgments Act, and (2) their alleged ultra vires claim against the Mayor. The waiver of immunity contained in the Texas Declaratory Judgments Act applies only if the claimant seeks a declaratory judgment that a legislative pronouncement is unconstitutional or otherwise invalid. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b); *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 633–35 (Tex. 2010). Because the challenged directive in this case is not a legislative pronouncement, the waiver of immunity under the Texas Declaratory Judgments Act does not apply to the Pidgeon Parties' claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b); *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011); *First State Bank of DeQueen*, 325 S.W.3d at 633–35.

The only basis for avoiding the Mayor's immunity from suit the Pidgeon Parties assert on appeal is that this immunity does not apply to ultra vires claims. To fall within this exception to immunity, the Pidgeon Parties must not complain of the Mayor's exercise of discretion, but rather must allege, and ultimately prove, that the Mayor failed to perform a purely ministerial act or acted without legal authority. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009). The Pidgeon Parties have not alleged or argued that the Mayor failed to perform a purely ministerial act. Based on advice of counsel, Mayor Parker decided that federal law required the City to afford same-sex spouses of City employees the same benefits as opposite-sex spouses. In the Hybrid Motion, the City Parties argued that this decision was a discretionary act within Mayor Parker's powers as mayor of Houston, including her powers under article VI, section 7a of the Houston City Charter. On appeal, the Pidgeon Parties have not challenged the bases of this argument; instead, the Pidgeon Parties assert that Mayor Parker did not have discretion or authority to violate the law. But, if Mayor Parker had the

5

authority and discretion to determine whether federal law requires the City to afford same-sex spouses of City employees the same benefits as opposite-sex spouses, the exercise of this authority and discretion cannot be an ultra vires act, even if Mayor Parker made the wrong determination. *See Hall v. McRaven*, 508 S.W.3d 232, 242–43 (Tex. 2017). In addition, when the Pidgeon Parties filed this suit, a federal district judge in the *Freeman* case had issued a preliminary injunction, ordering the City not to discontinue spousal benefits to same-sex spouses of City employees. *See Freeman v. Parker*, Case No. 4:13-cv-3755 (S.D. Tex. Aug. 29, 2014). While the Pidgeon Parties allege that the *Freeman* suit was collusive, there was no question but the injunction was in effect and had not been invalidated by any court.

The above analysis alone suffices to explain why the trial court's jurisdictional dismissal based on governmental immunity should be affirmed. The majority need not and should not include the obiter dicta contained in subsections c, d, e, and f of section IV. B. 2. of the majority opinion[1] or in section IV.C. of the majority opinion.[2] Because the trial court correctly determined that it lacked subject-matter jurisdiction based on governmental immunity and because this court agrees with this determination, this court has no jurisdiction to adjudicate the merits of the Pidgeon Parties' claims, and this court should not address the merits grounds in the Hybrid Motion, as the court does in section IV. B. 3. of the majority opinion[3] and in section IV.D of the majority opinion.[4] *See Hillman*, 579 S.W.3d at 359 n.5; *In re Dow*, 481 S.W.3d at 220. In its judgment, the majority affirms the trial court's order granting the Hybrid Motion. Instead of affirming the entire order

---

[1] *See ante* at 21–30.

[2] *See ante* at 33–35.

[3] *See ante* at 30–33.

[4] *See ante* at 35–36.

6

granting the Hybrid Motion, this court should affirm the part of the order in which the trial court dismisses all claims for lack of jurisdiction based on governmental immunity and vacate the part of the order in which the trial court dismisses the claims on the merits. *See Stamos*, 2020 WL 1528047, at \*4; *Curry*, 434 S.W.3d at 820. To the extent this court affirms the trial court's rulings on the merits, I respectfully dissent. To the extent the court affirms the trial court's jurisdictional dismissal based on governmental immunity, I respectfully concur in the judgment only.


                                    /s/      Randy Wilson
                                             Justice


Panel consists of Justices Zimmerer, Poissant, and Wilson (Poissant, J., majority).