Peggy J. CUELLAR, Individually and as Trustee for the Benefit of Cecil Charles Harms, a Child, and Cindy Louise Harms, Appellant,

v.

Rene MARTINEZ, Appellee.

No. 16840.

Court of Civil Appeals of Texas, San Antonio.

July 15, 1981.

Rehearing Denied Aug. 27, 1981.

**4**

David W. Lochabay, Austin, for appellant.

Lee Mahoney, Corpus Christi, for appellee.

## OPINION

ESQUIVEL, Justice.

This is an appeal from an order denying an application for a temporary injunction.

Appellant Peggy J. Cuellar filed an application for a temporary restraining order in a trespass to try title suit to restrain and enjoin (1) the Honorable J. R. Neunhoffer, Judge of the County Court of Kerr County, Texas, from entering judgment against appellant in a forcible detainer suit pending in said county court; and (2) appellee Rene Martinez from procuring any judgment, orders, writs, or other process interfering with appellant's possession of a certain house situated in Kerr County, Texas. A temporary restraining order was issued by the district court but was not served on Judge Neunhoffer until after he had entered judgment in the county court in favor of the appellee. At the hearing on the temporary restraining order the district court granted appellee's plea to the jurisdic-

tion, dissolved the temporary restraining order and denied appellant's application for a temporary injunction.

It is appellant's contention in her single point of error that the district court was the sole court with jurisdiction to decide the question of the right of possession to the property, such jurisdiction having vested in the district court at the time of the filing of the trespass to try title suit.

The district court found that it was without jurisdiction to issue the temporary injunction "... or to alter the status quo as established by the Judgment previously entered by the County Court of Kerr County on the 7th day of April, 1981, in a forcible detainer suit styled 'Rene Martinez vs. Peggy J. Cuellar' ...."[1] Since the refusal of the district court to grant a temporary injunction is based on the judgment rendered by the county court, the issue before us in this appeal is whether the judgment of possession in the county court in favor of appellee furnished any legal basis for the district court's order.

In the case before us all parties agree that forcible detainer was the nature of the action in the county court. It is undisputed that appellant refused to move from the property following the trustee's sale, and that her possession of the property was not obtained by a forcible entry. Appellee claimed (1) possession of the property by virtue of having purchased the property at the trustee's sale and (2) he was authorized to bring the forcible detainer suit under the terms of the deed of trust.

In *Home Savings Association v. Ramirez*, 600 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.), the district court issued an injunction restraining and enjoining the sheriff from executing a writ of restitution based upon the county court's judgment in favor of Home Savings in a forcible detainer suit. The district court issued the injunction based upon the allega-

---

1. *Status Quo* is defined as the last actual peaceable non-contested status of the parties to the controversy which preceded the pending suit and which should be preserved until a hearing

can be had on the merits and a final decree can be entered. *Pendleton v. Crabtree*, 214 S.W.2d 675, 677 (Tex.Civ.App.—Amarillo 1948, no writ).

tions of Ramirez that the county court exceeded its jurisdiction by adjudicating title to the property. The contention was made that the county court did not have jurisdiction to hear and determine the matter because Home Savings had purchased the property at a trustee's sale and there was therefore no relationship of landlord and tenant and therefore no jurisdiction. On appeal the Court of Civil Appeals reversed the district court and dissolved the injunction holding that "... parties may provide by stipulation in a deed of trust that in the event of foreclosure, the mortgagor becomes a tenant at will of the mortgagee. The mortgagee can institute a forcible entry and detainer action to remove the tenant from the premises." 600 S.W.2d at 913. The same situation is before us in this case.

The law is well-settled that in a forcible detainer suit the court merely resolves who is entitled to possession. *Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368, 371 (1962); *Johnson v. Highland Hills Drive Apartments*, 552 S.W.2d 493, 495 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). Therefore, the only issue presented to the County Court of Kerr County was who was entitled to immediate possession. The record is clear that the county court by its judgment found that appellee, as grantee in the trustee's deed, was entitled to possession. The district court in a trespass to try title suit has no authority to issue an injunction restraining the enforcement of a judgment of the county court if the judgment solely resolves who is entitled to immediate possession. *See: Slay v. Fugitt*, 302 S.W.2d 698 (Tex.Civ. App.—Dallas 1957, writ ref'd n.r.e.); *Young Women's Christian Ass'n v. Hair*, 165 S.W.2d 238 (Tex.Civ.App.—Austin 1942, writ ref'd w.o.m.). The last actual peaceable non-contested possession of the property was adjudicated by the county court. The district court was correct when it ruled that it did not have jurisdiction to "alter the status quo" as established by the county court judgment. We affirm the order of the trial court.