**Bernard DOLENZ, Appellant**

v.

**Nancy VAIL, Executrix of Dmitri Vail Estate, Appellee.**

No. 05–05–01123–CV.

Court of Appeals of Texas, Dallas.

Aug. 24, 2006.

Bernard Dolenz, Dallas, pro se.

Nancy Vail, Rowlett, pro se.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice MOSELEY.

Dmitri Vail, an artist, died in 1991, and Nancy Vail, his widow, was appointed independent executrix of his will and estate. According to appellant Bernard Dolenz, Dmitri Vail had pledged paintings from the Dmitri Vail trust as payment to Dolenz for legal fees. This appeal concerns Dolenz's claims that he should receive trust assets as a secured UCC creditor. Specifically, Dolenz appeals the probate court's order denying his "Motion to Take Possession of All Paintings and Collateral Secured by Security Agreement from Dmitri Vail to Bernard Dolenz." For the reasons stated below, we reverse the probate court's order and remand this case for further proceedings.

## PROCEDURE BELOW

In his "Motion to Take Possession" Dolenz asserted he was a secured creditor under a UCC security agreement from Dmitri Vail to Dolenz to secure amounts owed by Vail to Dolenz for legal fees, and thus he was entitled to paintings held by the Dmitri Vail Trust. The probate court began its hearing on Dolenz's motion by stating:

This is Cause Number 91–4696–P3. This is in the matter of the Estate of Dmitri Vail, Deceased. This is a hearing on a Motion to Take Possession of All Paintings and Collateral secured by Security Agreement from Dmitri Vail to Bernard Dolenz. This application was filed by Dr. Bernard Dolenz on May the 16th, 2005, in this court.

Let the record reflect the Court has considered the pleadings that have been filed by Mr. Dolenz. The pleadings set forth certain historical facts but fail to include some additional facts that are pertinent to the Court's going forward with this hearing. The Court will take judicial notice of the contents of its file relative to previous rulings this Court made.

*A final judgment was entered in this case and reflected by—perpetuated by this Court on August 12, 1998, and that judgment decreed and made certain findings relative to the issues before this Court, that being art work by Dmitri Vail.*

*The Court further finds that there was a Motion for Turnover which this Court granted. Well, there was a motion filed on May 12, 1999, and was—the Court granted that motion on June 28, 1999.* The Court will reflect that this case was subsequently appealed to the Court of

Appeals, Fifth District Court of Texas at Dallas, which court on October 24th, 2000, rendered its judgment and dismissed the case.[1]

The Court finds nothing in the pleadings today that departs from the issues that were before the court on that date. The Court therefore denies it has jurisdiction—finds it has no jurisdiction to entertain this motion. The Court therefore dismisses and the Court denies the application. It is so ordered.

Dolenz argued that "this is a separate case," that "[t]he case that you're [al]luding to was a declaratory judgment action that had an entirely different number." According to Dolenz, he was requesting the court "to allow us to take possession of all the paintings pursuant to that UCC filing."

The following exchange then occurred:

The Court: And, sir, those same issues were included in the hearings that the Court conducted in the trials, and they were all the paintings that were before the Court. The Court made its rulings relative to those paintings. There's nothing in this case about what you're asking for, paintings, that were not included in those hearings.

Mr. Dolenz: Your Honor, the UCC issues were not adjudicated and that was a separate case from this. This has an entirely different number. You had severed that other case.

The Court: It was the same issues and it's res judicata for the appeal and I'm denying that I have jurisdiction to try the case.

\* \* \* \*

The Court: I have found nothing in your pleadings that indicate[s] that the paintings upon which this Court based its ruling previously, and the Court made its findings, are any different from what you're asking now to be turned over to you.

Mr. Dolenz: Sir, the—

The Court: They are the same. It's the same property.

Mr. Dolenz: Your Honor, if the Court will take judicial notice of its file and judgment, it did not [al]lude to any UCC findings in there. The UCC findings are in the—

The Court: Mr. Bernard, I'm not going to discuss something I have no jurisdiction for. My ruling is, I don't have jurisdiction of the case, and therefore, I cannot take it up.... [M]y determination is, I have no jurisdiction to consider a matter that was litigated in this Court relative to properties and the Court made its rulings, and now there's another issue being raised over that same property, so—in this estate. That's my ruling.....

The probate court's order states, "The court finds that the case having been previously appealed to the Court of Appeal[s], Fifth District at Dallas and ordered dismissed, this court lacks jurisdiction to consider the case." Dolenz appeals.

## JURISDICTION

In his first issue, Dolenz contends the probate court erred in holding that it

---

1. None of the items referred to in the italicized text are part of the record in this appeal. In addition, the appeal referred to in the underlined text appears to be this Court's opinion per curiam of January 11, 2000, which dismissed Dolenz's appeal. Dolenz's petition for review of that decision was denied by the supreme court, and this Court issued its mandate on October 24, 2000. *See Dolenz v. Patricia Anne Vail*, No. 05–98–01778–CV, 2000 WL 14708 (Tex.App.-Dallas Jan. 11, 2000, pet. denied) (per curiam) (not designated for publication).

lacked jurisdiction, arguing it had jurisdiction to hear a matter appertaining and incident to an estate under the probate code.

 Courts always have jurisdiction to determine their own subject matter jurisdiction. *Camacho v. Samaniego,* 831 S.W.2d 804, 809 (Tex.1992); *Houston, E. & W. Tex. Ry. Co. v. Perkins,* 44 S.W. 547, 548 (Tex.Civ.App.1898).[2] "The 'jurisdiction' to determine jurisdiction is the inherent authority of a court to decide whether documents filed with it invoke its jurisdiction." *Slaton v. State,* 981 S.W.2d 208, 209 n. 3 (Tex.Crim.App.1998). "This differs from a court's jurisdiction to dispose of a case on the merits." *Id.*

■ The trial court's order states that it lacked jurisdiction because the case had been previously appealed to the court of appeals and ordered dismissed. The reporter's record indicates that the trial court was basing its reasoning on the collateral estoppel and res judicata effects of previous rulings on Dolenz's "Motion to Take Possession." *See, e.g., Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984) (distinguishing between res judicata, or claim preclusion, and collateral estoppel, or issue preclusion). However, collateral estoppel and res judicata are not jurisdictional issues. Although they may affect the merits of Dolenz's claim, they do not deprive the court of jurisdiction over the suit.

Dolenz argues the probate court had jurisdiction to hear his motion because his claim is a matter relating to the distribution of a the estate of a deceased person and thus a matter "incident to an estate." We agree. *See* TEX. PROB.CODE ANN.

§§ 5(d) (Vernon Supp.2006) ("In those counties in which there is a statutory probate court, all applications, petitions, and motions regarding probate or administrations shall be filed and heard in the statutory probate court, unless otherwise provided by law."), 5(f) (Vernon Supp.2006) ("All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate."), 5A(b) (Vernon 2003) ("All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of the Code, hear all suits, actions, and applications filed against or on behalf of any heirship proceeding or decedent's estate, including estates administered by an independent executor; all such suits, actions, and applications are appertaining to and incident to an estate.").

Accordingly, the probate court erred in ruling that it lacked jurisdiction to consider Donlez's case. We resolve Dolenz's first issue in his favor. We reverse the June 22, 2005 order and remand this case to the probate court for further proceedings. Because of our disposition of Dolenz's first issue, we need not consider his second issue in which he contended the trial court erred in finding the case was previously appealed and had a res judicata effect. *See* TEX.R.APP. P. 47.1.

---

**2.** *But see Browning v. Prostok,* 165 S.W.3d 336, 350 (Tex.2005) (bankruptcy court holding, affirmed by federal district court, that it lacked subject matter jurisdiction because claim was not collateral attack on prior bankruptcy court order, not entitled to preclusive effect because bankruptcy court held it lacked subject matter jurisdiction).