*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00134-CV

Anna Maria **HERRERA**,
Appellant

v.

**HOUSEHOLD FINANCE CORPORATION III**
and HSBC Mortgage Service, Inc.,
Appellees

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 07-01-22235-MCVAJA
Honorable Amado J. Abascal III, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   April 29, 2009

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

This is an appeal from a trial court's order denying a temporary and permanent injunction and

"fully and finally dispos[ing]" of a lawsuit filed by Ana Maria Herrera. The trial court's order was

based on the plea to the jurisdiction filed by Household Finance Corporation III and HSBC Mortgage

Service, Inc. ("Household"). Herrera appeals, asserting the trial court had subject matter jurisdiction.

We affirm in part and reverse and remand in part.

## BACKGROUND

Herrera obtained a home equity loan from Household. After Herrera failed to make payments, Household initiated foreclosure proceedings. *See* TEX. R. CIV. P. 735 (permitting party seeking to foreclose lien for home equity loan to file suit seeking judicial foreclosure); *see also id.* R. 736 (describing procedures for filing application for expedited foreclosure of lien for home equity loan). The district court granted Household's application on October 4, 2005, permitting Household to give notice and proceed with foreclosure of Herrera's home. *See id.* R. 736(8). Household apparently foreclosed and thereafter initiated a forcible entry and detainer action for immediate possession of the premises. On March 19, 2007, the county court rendered a "Final Judgment for Possession," awarding possession of Herrera's home to Household and ordering that a writ of possession issue "to the proper officer commanding him to seize possession of" Herrera's home.

Herrera filed suit in district court seeking temporary and permanent injunctive relief to preclude Household from taking possession of her property. Herrera also sought monetary damages for claims of wrongful foreclosure, breach of fiduciary duty, breach of contract, constructive fraud, trespass upon title, and unlawful debt collection practices. She also sought a title determination based on her wrongful foreclosure claim. Household filed a plea to the jurisdiction, arguing the district court lacked subject matter jurisdiction to review the judgment in the forcible entry and detainer action or enjoin its enforcement. Household also claimed the court lacked jurisdiction because Herrera's suit was an improper collateral attack on the district court's October 4, 2005 foreclosure judgment and the county court's March 19, 2007 eviction judgment. On June 25, 2007, the district court denied Herrera's request for temporary and permanent injunctive relief. Herrera

filed a motion for reconsideration and propounded discovery requests on August 30, 2007. The district court denied the motion and quashed the discovery request by order dated October 5, 2007. It subsequently signed a corrected order on October 25, 2007, in which the court again denied the motion to reconsider, quashed Herrera's discovery requests, and stated that the order:

> . . . fully and finally disposes of this case in its entirety. The court further finds that this order resolves all issues between and among the parties and all relief not expressly granted herein is denied.

## DISCUSSION

There are three issues that must be resolved in this appeal. One, does this court have jurisdiction over the appeal? Two, did the trial court have jurisdiction over Herrera's claims for injunctive relief, i.e., to enjoin Household from obtaining possession of the home, and title determination? And three, did the trial court have jurisdiction over Herrera's claims for monetary relief or was it deprived of subject matter jurisdiction due to the collateral nature of Herrera's attack?

### *Appellate Jurisdiction*

Household contends this court does not have jurisdiction over this appeal because Herrera did not file a timely notice of appeal. Household argues the June 25, 2007 order denying Herrera's application for injunctive relief was a final judgment from which Herrera failed to perfect a timely appeal. We disagree.

Household claims the June 25, 2007 order "denied the only relief sought by [Herrera]." This is incorrect. In addition to seeking injunctive relief, Herrera asked in her petition for "monetary

recovery . . . for wrongful foreclosure, [b]reach of fiduciary duty, [b]reach of contract, [c]onstructive [f]raud, [t]respass upon title of [p]laintiff, and common law unlawful [d]ebt [c]ollection practices." These claims were not disposed of by the June 25, 2007 order specifically or by use of language denoting finality.[1] Household argues that because Herrera's claims were "generically alleged" and she "pleaded no facts to support these claims," they did not give rise to causes of action separate from the relief she sought by way of injunction. However, Household did not specially except to Herrera's petition. "When a party fails to specially except, courts should construe the pleadings liberally in favor of the pleader." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). Following the admonition in *Auld*, we hold that in the absence of special exceptions Herrera pled information specific enough to provide Household with notice of the causes of action for which Herrera sought monetary relief. *See id.* at 896-97 (holding Texas follows "fair notice" standard for pleading, which looks to whether opposing party can ascertain from pleading nature and basic issues in controversy and what testimony will be relevant).

"[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v.*

---

[1] The order states, *in toto*:

> On this the 29th day of May, 2007, came on for consideration Plaintiff's Application for Temporary and permanent Injunction. Plaintiff and Defendant appeared by their attorneys of record. The Court, having considered the application and Defendant's response thereto, has determined that the application should be denied.
>
> **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Application for Temporary and Permanent Injunction is hereby **DENIED**.

*Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The June 25, 2007 order did not dispose of Herrera's claims for monetary relief, nor did it clearly indicate the district court intended to order to completely dispose of the entire case. *See id.* Accordingly, we hold the June 25, 2007 order was not a final order from which Herrera was required to perfect an appeal. Rather, the entire case was not disposed of until the district court's October 25, 2007 order, which contained language denoting finality. We hold we have jurisdiction over this appeal.

### *Injunction–Subject Matter Jurisdiction*

In her petition in the district court, Herrera sought temporary and permanent injunctive relief and a title determination. She asked the trial court to enjoin Household from taking any action which would dispossess her of her home. Household responded with its plea to the jurisdiction, arguing the justice court had exclusive original jurisdiction over the issue and right to possession of the home and the district court had already determined the issue of title in the foreclosure proceeding, which Herrera did not appeal. We agree with Household.

Herrera effectively sought to enjoin enforcement of the county court's judgment in Household's forcible entry and detainer action. "A forcible detainer action is a procedure to determine the right to immediate possession of real property." *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.–San Antonio 2001, pet. dism'd w.o.j.). The plaintiff in a forcible entry and detainer action is not required to prove title, but need only present sufficient evidence of ownership "to demonstrate a superior right to immediate possession of the property." *Id.* Only if the question of title is "so intertwined with the issue of possession" must title be adjudicated first. *Id.* If so, neither the justice nor county court has jurisdiction. *Id.* As stated in the

rules of civil procedure, the only issue therefore in a forcible entry or forcible detainer suit is "the right to actual possession." TEX. R. CIV. P. 746; *see Cuellar v. Martinez*, 625 S.W.2d 3, 5 (Tex. Civ. App.–San Antonio 1981, no writ). The merits of title may not be adjudicated. TEX. R. CIV. P. 746.

This court's decision in *Cuellar* is controlling. In that case, Martinez filed a forcible detainer action in county court seeking possession of Cuellar's house. *Cuellar*, 625 S.W.2d at 4. Cuellar filed an application for injunctive relief in district court seeking to restrain the county court from entering judgment against her and to restrain Martinez from interfering in any way with Cuellar's possession of the house. *Id*. The district court granted Martinez's plea to the jurisdiction. *Id*. Cuellar appealed, arguing the district court had jurisdiction. We recognized a forcible entry and detainer action merely resolves the issue of possession. *Id.* at 5 (citing *Haginas v. Malbis Mem'l Found.*, 163 Tex. 274, 354 S.W.2d 368, 371 (1962); *Johnson v. Highland Hills Drive Apartments*, 552 S.W.2d 493, 495 (Tex. Civ. App.–Dallas 1977, writ ref'd n.r.e.)); *see also Dormady*, 61 S.W.3d at 557. Holding the district court had no authority to issue an injunction restraining the enforcement of a judgment of the county court when the judgment solely resolves who is entitled to immediate possession, we affirmed the trial court's judgment. *Id*.

Here, the suit brought by Household in the county court was a forcible entry and detainer action, which merely resolved who was entitled to immediate possession. The county court by its judgment resolved the issue in favor of Household. The county court did not decide the issue of title to Herrera's property, that was decided in the district court's foreclosure proceeding, a decision Herrera did not appeal. Accordingly, we hold the district court lacked jurisdiction to issue an injunction restraining the enforcement of the county court's judgment or Household's attempts at

possession, and properly dismissed Herrera's claims for injunctive relief. We further hold the district court lacked jurisdiction to relitigate the issue of title.

### *Monetary Claims–Subject Matter Jurisdiction*

Household claims Herrera's monetary claims are improper collateral attacks on the 2005 district court foreclosure order and the 2007 county court forcible entry and detainer judgment, and therefore the trial court correctly granted the plea to the jurisdiction. Household argues that because Herrera "did not and cannot assert that the judgments were void," the district court was deprived of jurisdiction. We disagree.

"Subject-matter jurisdiction 'involves a court's power to hear a case.'" *Tellez v. City of Socorro*, 226 S.W.3d 413, 413 (Tex. 2007) (per curiam) (quoting *U.S. v. Cotton*, 535 U.S. 625, 630 (2002)). A court has subject matter jurisdiction "when the nature of the case falls within a general category of cases the court is empowered . . . to adjudicate." *In re Barnes*, 127 S.W.3d 843, 846 (Tex. App.–San Antonio 2003, orig. proceeding) (quoting *McGuire v. McGuire*, 18 S.W.3d 801, 804 (Tex. App.–El Paso 2000, no pet.)). A Texas district court is a court of general jurisdiction and has the jurisdiction over all matters except where the Texas Constitution or some other statute confers exclusive jurisdiction elsewhere. *See* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.007 (Vernon 2004). This includes suits seeking monetary damages and those requesting title adjudications.[2] *See, e.g.*, *Chapa v. Spivey*, 999 S.W.2d 833, 836 (Tex. App.–Tyler 1999, no pet.)

---

[2] Whether there is a monetary jurisdiction floor for a suit seeking monetary damages in district court remains in controversy following the 1985 amendment of article V, section 8 of the Texas Constitution and the amendment and recodification of section 24.007 of the Texas Government Code. *See Acreman v. Sharp*, No. 09-08-00219-CV, 2009 WL 857993, *2 (Tex. App.–Beaumont Apr. 2, 2009, no pet. h.); *see also Dubai Petroelum Co. v. Kazi*, 12 S.W.3d 71, 75 n.4 (Tex. 2000) (noting there may no longer be jurisdictional minimum for district courts); *Peek v. Equip. Serv. Co.*,

(holding that despite 1985 constitutional and statutory amendments, district court's jurisdiction extends to cases involving monetary damages of $500.00 or more); *Arteaga v. Jackson*, 994 S.W.2d 342, 342 (Tex. App.–Texarkana 1999, pet. denied) (holding that after 1985 constitutional and statutory amendments, district court's jurisdiction extends to cases involving monetary damages of $200.01 or more); *Chambers v. Pruitt*, 241 S.W.3d 679, 684 (Tex. App.–Dallas 2007, no pet.) (holding district courts generally have exclusive jurisdiction to determine title to real property).

In addition to seeking possession and a title determination, Herrera pled claims for monetary relief. She therefore pled claims within the subject matter jurisdiction of the district court. Whether Herrera may ultimately recover on her monetary claims is not a jurisdictional question. The validity of a collateral attack may affect the merits of Herrera's claims, but it did not deprive the district court of jurisdiction over her monetary and title claims. *Cf. Dolenz v. Vail*, 200 S.W.3d 338, 341 (Tex. App.–Dallas 2006, no pet.) (holding that although collateral estoppel and res judicata might affect merits of claim, they are not jurisdictional issues that deprive court of jurisdiction over suit). Accordingly, the trial court erred in granting Household's plea to the jurisdiction with regard to all of Herrera's claims other than the claim for injunctive relief, i.e., Herrera's monetary claims.

---

779 S.W.2d 802, 803 n.4 (Tex. 1989) (noting constitutional and statutory amendments deleted reference to $500.00 jurisdictional minimum for district courts). However, assuming a $500.00 jurisdictional minimum still exists, Herrera pled for monetary damages and stated in her petition that "the subject matter in controversy is within the jurisdictional limits of this court," and Household did not specially except, requesting Herrera to amend to specify the amount of damages claimed. *See* TEX. R. CIV. P. 47 (requiring pleading that sets forth claim for relief to state that damages sought are within jurisdictional limits of court, but providing that on special exception pleader is required to specify maximum amount of damages claimed).

**CONCLUSION**

This court has jurisdiction over the appeal. We overrule Herrera's issue that the trial court erred in granting Household's plea to the jurisdiction with regard to injunctive relief, but sustain her complaint that the trial court erred in granting Household's plea to the jurisdiction with regard to the monetary claims for relief asserted in her petition. Accordingly, we affirm the trial court's judgment in part, but reverse and remand that portion of the judgment dismissing Herrera's claims for wrongful foreclosure, breach of fiduciary duty, breach of contract, constructive fraud, trespass upon title, and unlawful debt collection practices.

Steven C. Hilbig, Justice