**Order issued June 26, 2018**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

## NO. 01-16-00693-CV

## NO. 01-18-00399-CV

―――――――――――――

## CENTRAL STATES LOGISTICS, INC. D/B/A DILIGENT DELIVERY SYSTEMS, Appellant

## V.

## BOC TRUCKING, LLC AND CLARENCE J. MEYERS, III INDIVIDUALLY AND D/B/A BOC LOGISTICS, Appellees

―――――――――――――

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-28384**

―――――――――――――

## ORDER ON MOTION TO CONSOLIDATE

On September 2, 2016, Central States Logistics, Inc. d/b/a Diligent Delivery

Systems filed a notice of appeal. The appeal was assigned the appellate cause

number 01-16-00693-CV. On May 18, 2018, BOC Trucking, LLC filed a notice of appeal. This was assigned a new appellate cause number, 01-18-00399-CV. BOC Trucking has filed a motion to consolidate, which Central States opposes. For the reasons stated in this order, we GRANT the motion.

The trial court rendered a judgment in favor of Central States on June 7, 2016. BOC Trucking filed a motion to modify the judgment within 30 days of the judgment. BOC Trucking filed a bankruptcy petition on August 15, 2016. Central States filed its notice of appeal on September 2, 2016. The appeal was stayed. The final decree was signed in the bankruptcy proceeding on December 18, 2017. We reinstated the appeal on February 27, 2018. On May 18, 2018, BOC Trucking filed a notice of appeal.

Rule 8.2 of the Texas Rules of Appellate Procedure provides, "A bankruptcy suspends the appeal and all periods in these rules . . . until the appellate court reinstates . . . the appeal." TEX. R. APP. P. 8.2. Any period that was running but had not expired before bankruptcy was filed "begins anew when the proceeding is reinstated." *Id.*

The period to file a notice of appeal is within the rules of appellate procedure. *See* TEX. R. APP. P. 26.1. Because BOC Trucking filed a motion to modify the judgment within 30 days of the signing of the judgment, the period to file a notice of appeal was 90 days. *See* TEX. R. CIV. P. 329b(a), (g); TEX. R. APP. P. 26.1(a)(2).

2

This 90-period had not expired when BOC Trucking filed its bankruptcy petition. The appeal was reinstated by this court on February 27, 2018. Accordingly, the 90-day deadline to file a notice of appeal "beg[an] anew" on February 27, 2018. TEX. R. APP. P. 8.2. The reset 90-day deadline, then, expired on May 28, 2018. BOC Trucking filed its notice of appeal on May 18, 2018. Accordingly, the notice was timely.

Central States argues BOC Trucking only had 30 days to file a notice of appeal once the bankruptcy proceeding ended. For support, it relies on *C.J. Machine, Inc. v. Alamo Iron Works*, No. 04-01-00258-CV, 2001 WL 1042251, (Tex. App.—San Antonio Sept. 12, 2001, no pet.) (mem. op). In *C.J. Machine*, the San Antonio court of appeals held that "initial appellate timetables are not tolled during a bankruptcy stay" and that rule 8.2 applies only after a party files a notice of appeal. *Id.* at *1. The court's interpretation of 8.2 is based on a misquotation of the rule, however. The court held rule 8.2 provides "a bankruptcy suspends the appeal *on* all periods in these rules . . . ." *Id.* (emphasis added). Instead, 8.2 provides, "A bankruptcy suspends the appeal *and* all periods in these rules . . . ." TEX. R. APP. P. 8.2 (emphasis added). "The appeal" does not modify "all periods in these rules." The two terms are disjunctive and a bankruptcy proceeding suspends both. *See id.*

Central States also argues that BOC Trucking is precluded from appealing the trial court's judgment because "[c]laims preclusion attaches when the Bankruptcy

proceedings are discharged and closed." We do not need to reach the merits of this argument because, even if true, claim preclusion is not a jurisdictional bar. *See Dolenz v. Vail*, 200 S.W.3d 338, 341 (Tex. App.—Dallas 2006, no pet.) ("However, collateral estoppel and res judicata are not jurisdictional issues. Although they may affect the merits of [a party's] claim, they do not deprive the court of jurisdiction over the suit."). Regardless of the merits of this argument, we have jurisdiction over BOC Trucking's cross-appeal. *See id.*

Accordingly, we GRANT BOC Trucking's motion to consolidate. We ORDER that the appellate record, actions, and deadlines in cause number 01-18-00399-CV be transferred to cause number 01-16-00693-CV and that cause number 01-18-00399-CV be closed for all purposes. All further matters relating to BOC Trucking's appeal shall be designated with cause number 01-16-00693-CV.

We further ORDER that cause number 01-16-00693-CV be removed from submission. The case will be set for submission after briefing for BOC Trucking's cross-appeal is complete.

Because a record already exists in this case, we ORDER that BOC Trucking's cross-appellant's brief be filed within 30 days of this order. Central States's cross-appellee's brief will be due 30 days from the filing of the cross-appellant's brief.

It is so ORDERED.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Keyes, and Higley.