**AFFIRM; and Opinion Filed September 16, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01284-CV

### KENNETH LEO BUHOLTZ, Appellant
### V.
### TEXAS DEPARTMENT OF TRANSPORTATION, Appellee

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-02337-2018**

## MEMORANDUM OPINION

Before Justices Brown, Whitehill, and Schenck
Opinion by Justice Brown

Pro se appellant Kenneth Leo Buholtz appeals the trial court's order dismissing his claims against the Texas Department of Transportation (TxDOT) for lack of jurisdiction. We affirm the trial court's order.

Buholtz owns 3.75 acres of property in McKinney in Collin County, Texas. In 2018, the State filed a petition for condemnation seeking possession of 16,509 square feet of Buholtz's property to be used for expansion of FM 2478. At that time, Buholtz was an inmate in federal prison. (He was recently released to a halfway house.) The eminent domain proceeding is not yet final.[1] Meanwhile, Buholtz filed the instant, related suit against TxDOT and its right-of-way agent

---

[1] An interlocutory appeal in that case is currently pending in this Court. In appellate cause number 05-19-00810-CV, Buholtz has appealed the trial court's June 2019 denial of his motion to transfer jurisdiction from the county court at law to district court, but recently filed a motion to withdraw his notice of appeal.

Halff Associates. His sole cause of action is fraud by misrepresentation. Buholtz alleged he received an appraisal/offer for his property ten days before any counteroffer was due. In response, Buholtz sent Halff a letter raising various complaints about the valuation of his property. He later received a revised offer, but he still had concerns about it and rejected it. He alleged that during the condemnation process, defendants made material representations they knew were false. For example, Buholtz complained about defendants' representation there was a "HazMat" site near his property and also their representation that "far away" properties were comparable for valuation purposes. He alleged defendants made these misrepresentations to justify their low offer and that the misrepresentations impacted his ability to present a counteroffer. In addition to damages based on the market value of his property, Buholtz sought exemplary damages.

TxDOT filed an "Original Answer, Plea to the Jurisdiction, and Request for Disclosures" in which it asserted a general denial and also that it had immunity from suit and liability. That same day, TxDOT filed a motion to dismiss Buholtz's claims for lack of jurisdiction. TxDOT asserted the allegations in Buholtz's pleadings did not set forth a cause of action for which the State has waived its sovereign immunity. TxDOT argued the Texas Tort Claims Act did not waive TxDOT's immunity for fraud, an intentional tort. The trial court granted TxDOT's motion to dismiss. This interlocutory appeal followed. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (person may appeal from interlocutory order that grants governmental unit's plea to jurisdiction). Halff is not a party to this appeal, and Buholtz's claims against it are still pending.

The State and its agencies, like TxDOT, are immune from suit absent legislative consent. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). If a governmental unit has immunity from suit, a trial court lacks subject matter jurisdiction. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). TxDOT's immunity from suit for tort claims is waived to the extent the tort claims act creates liability. TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a). Section 101.057(2) of the tort

claims act makes clear the general waiver of sovereign immunity does not apply to a claim arising out of any intentional tort. *Id.* § 101.057(2); *Dallas Cty. Schs. v. Vallet*, No. 05-16-00385-CV, 2016 WL 7163824, at \*5 (Tex. App.—Dallas Dec. 8, 2016, no pet.) (mem. op.).

A governmental unit may assert its immunity from suit through a plea to the jurisdiction which challenges the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When, as here, a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015). In doing so, we must look to the allegations in the pleadings, construe them in the plaintiff's favor, and look to the pleader's intent. *City of Dallas v. Turley*, 316 S.W.3d 762, 767 (Tex. App.—Dallas 2010, pet. denied). We review the trial court's ruling on a plea to the jurisdiction de novo. *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018).

In his first issue, Buholtz asserts sovereign immunity is waived because his property was taken fraudulently. We disagree. Buholtz has not alleged facts that affirmatively demonstrate the trial court's jurisdiction. His claim is based on alleged material misrepresentations made by TxDOT and Halff. His sole cause of action is for fraud, an intentional tort for which immunity has not been waived under the tort claims act. *See Vallet*, 2016 WL 7163824, at \*5. We overrule Buholtz's first issue.

In his second issue, Buholtz argues that TxDOT is subject to exemplary damages due to its "artificial establishment" of a HazMat site. Because TxDOT is immune from Buholtz's fraud suit, we need not address this issue which involves only damages.

In his third issue, Buholtz asserts the county court at law did not have jurisdictional authority to issue the interlocutory dismissal order. He argues that his estimated damages surpass

the jurisdictional limits of the county court at law.  *See* TEX. GOV'T CODE ANN. § 25.0003(c).  In his pleadings, Buholtz alleged that he sought damages within the jurisdictional limits of the county court.  *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 n.4 (Tex. 2004) (allegations in petition about amount in controversy control for jurisdictional purposes unless party challenging jurisdiction pleads and proves allegations were made fraudulently for purpose of obtaining jurisdiction).  Further, the county court properly dismissed Buholtz's claims against TxDOT for lack of jurisdiction.  It is not necessary for us to address Buholtz's assertion the court lacked jurisdiction for a different reason.  *See* TEX. R. APP. P. 47.1 (court of appeals must address every issue raised and necessary to final disposition of appeal); *see also Dolenz v. Vail*, 200 S.W.3d 338, 341 (Tex. App.—Dallas 2006, pet. denied) (courts have jurisdiction to determine their own subject matter jurisdiction).  We overrule Buholtz's third issue.

Buholtz also identifies two issues "NOT Presented for Review" in his brief.  As these issues are admittedly not presented for review and Buholtz has not presented any argument on these issues, we do not address them.  In a reply brief, Buholtz raises three issues "on reply."  To the extent Buholtz raises issues not included in his opening brief, they are overruled because an appellant may not raise an issue for the first time in a reply brief.  *See Powell v. Knipp*, 479 S.W.3d 394, 408 (Tex. App.—Dallas 2015, pet. denied).

We affirm the trial court's order.


/Ada Brown/
_____
ADA BROWN
JUSTICE

181284F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH LEO BUHOLTZ, Appellant

No. 05-18-01284-CV      V.

TEXAS DEPARTMENT OF
TRANSPORTATION, Appellee

On Appeal from the County Court at Law
No. 6, Collin County, Texas
Trial Court Cause No. 006-02337-2018.
Opinion delivered by Justice Brown,
Justices Whitehill and Schenck
participating.

In accordance with this Court's opinion of this date, the trial court's October 10, 2018 order is **AFFIRMED**.

It is **ORDERED** that appellee the Texas Department of Transportation recover its costs of this appeal from appellant Kenneth Leo Buholtz.

Judgment entered this 16th day of September, 2019.