

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00291-CV

Agueda Nevares **ARELLANO** and Blanca Rosa Nevarez Arellano,
Appellants

v.

Miguel Angel **ARRELLANO**, Jr., Ismael Arellano, Rebeca Jasso, and Alice Arellano,
Appellees

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 23-10-42692-MCV
Honorable Maribel Flores, Judge Presiding

Opinion by:  Lori Massey Brissette, Justice

Sitting:  Irene Rios, Justice
Lori Massey Brissette, Justice
Adrian A. Spears II, Justice

Delivered and Filed: April 15, 2026

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Appellants Agueda Nevares Arellano ("Agueda") and Blanca Rosa Nevarez Arellano ("Blanca") appeal the final judgment rendered by the trial court in favor of appellees on their declaratory judgment claim against Agueda. After reviewing the record and the parties' briefing, we affirm the trial court's judgment in part, we reverse the judgment in part, and we remand for further proceedings on the request for attorneys' fees.

## BACKGROUND

Blanca and Decedent Miguel Angel Arrellano were married from 2010 until Decedent's death in 2023. During their marriage, the couple acquired the "Las Brisas property" located at 645 Las Brisas Drive, Eagle Pass, Texas. A few months after Decedent died intestate, Blanca's sister Agueda filed a lien affidavit asserting that she is owed $75,000 by Decedent and Blanca for materials she furnished for improvements to the Las Brisas property. Several months later, seeking to sell the Las Brisas property, appellees Miguel Angel Arellano, Jr., Ismael Arellano, Rebeca Jasso, and Alice Arellano, who are Decedent's children from a prior marriage, ("Decedent's Children") filed their original petition against Agueda seeking in their sole cause of action a declaratory judgment voiding Agueda's lien affidavit. Their petition also requested attorneys' fees under the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE § 37.009.

Blanca, who had previously agreed with Decedent's Children to sell the Las Brisas property, then filed a plea in intervention in which she argued the Las Brisas property is her homestead and she will be irreparably injured if the property is sold. In her plea, Blanca sought, inter alia, a declaratory judgment that she has a homestead and life estate interest in the property. Thereafter, Agueda filed an affidavit removing the lien from the Las Brisas property. Decedent's Children then filed their motion to strike Blanca's plea in intervention, attaching Agueda's affidavit removing the lien as an exhibit. The following week, the trial court held a hearing on the motion to strike Blanca's plea in intervention and took the matter under advisement. Later that day, the trial court issued its order granting the motion to strike Blanca's plea in intervention and striking and dismissing Blanca's plea.

The following month, the trial court held an evidentiary hearing on attorneys' fees. At the conclusion, the trial court orally awarded Decedent's Children attorneys' fees and costs totaling

$13,594.88, the full amount sought, against both Agueda and Blanca, jointly and severally. Over six months later, the trial court held a hearing for entry of a final judgment. A few days later, the trial court signed its final judgment. The judgment declared Agueda's lien affidavit void and declared Blanca has no homestead interest in the Las Brisas property. Lastly, the judgment ordered that Agueda and Blanca are jointly and severally liable for $13,594.88 in attorneys' fees owed to Decedent's Children. Agueda and Blanca timely appealed.

On appeal, Agueda and Blanca raise four issues. First, they argue the trial court lost plenary jurisdiction over them once Blanca's plea in intervention was struck and therefore exceeded its authority when issuing a final judgment regarding the merits of their claims and awarding attorneys' fees against them. They further argue the trial court abused its discretion by ruling on the merits of Blanca's homestead right and by declaring the lien void in the final judgment. Finally, they contend the trial court did not have the power to award attorneys' fees against them and that, even if it did, the evidence presented was insufficient to prove the fees were reasonable and necessary and the award was equitable and just.

## THE TRIAL COURT'S PLENARY JURISDICTION

Blanca first argues that the trial court's plenary power over her expired thirty days after the trial court issued its interlocutory order striking her plea in intervention. We disagree.

Whether a trial court acted outside its plenary power is a legal question we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *In re CIT Bank, N.A.*, No. 14-19-00884-CV, 2020 WL 1528162, at *2 (Tex. App.—Houston [14th Dist.] Mar. 31, 2020, no pet.). "A trial court has plenary power over its judgment until it becomes final. The trial court also retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered." *Lacy v. Castillo*, 580 S.W.3d 830, 834 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (quoting *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83,

84 (Tex. 1993) (per curiam)); *see Callaway v. Martin*, No. 02-16-00181-CV, 2017 WL 2290160, at *3 n.3 (Tex. App.—Fort Worth May 25, 2017, no pet.) (mem. op.) ("A trial court has plenary power—power that is full, entire, complete, absolute, perfect, and unqualified—over, and therefore the jurisdiction and authority to reconsider, not only its judgment but also its interlocutory orders until thirty days after the date a final judgment is signed or, if a motion for new trial or its equivalent is filed, until thirty days after the motion is overruled by signed, written order or operation of law, whichever first occurs."); *Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 504 (Tex. App.—Dallas 2014, no pet.) ("[A] trial court has the inherent right to change or modify any interlocutory order or judgment until the judgment on the merits of the case becomes final.").

When a trial court issues an interlocutory order striking a plea in intervention, the intervenor cannot bring an interlocutory appeal. *Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 360 (Tex. 2021). Instead, the intervenor must wait until the trial court issues its final judgment, at which point the interlocutory order merges with the final judgment, and the intervenor can appeal that judgment, not the prior interlocutory order. *Id.* An intervenor whose plea has been struck is a "party" to the final judgment "because that judgment is binding on the intervenor." *Id.* at 362; *see De Los Santos as Next Friend of C.D.L.S. v. Superior Shuttle, LLC*, No. 04-21-00306-CV, 2022 WL 16541909, at *2 (Tex. App.—San Antonio Oct. 31, 2022, no pet.) (citing *Eichner*, 623 S.W.3d at 362).

Thus, the trial court retained continuing control over its order striking Blanca's plea in intervention and had plenary power to set it aside, reconsider it, modify it, and to reaffirm it in the final judgment. *See Castillo*, 580 S.W.3d 830 at 834; *Callaway*, 2017 WL 2290160, at *3 n.3; *Flagstar Bank*, 451 S.W.3d at 504. We overrule this issue.

**TRIAL COURT'S RULING ON THE MERITS OF BLANCA'S HOMESTEAD RIGHT**

Blanca further contends the trial court exceeded its authority by adjudicating the merits of her plea in its final judgment because the trial court lacked jurisdiction to do so. Blanca argues the trial court ruled on the merits of her plea in that it declared she does not have a homestead right to the Las Brisas property.

Jurisdiction is a question of law we review de novo. *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist. by & through Crigler*, 694 S.W.3d 752, 757 (Tex. 2024). A trial court always has jurisdiction to determine whether it has jurisdiction. *Dolenz v. Vail*, 200 S.W.3d 338, 341 (Tex. App.—Dallas 2006, no pet.); *Perry v. Del Rio*, 53 S.W.3d 818, 824 (Tex. App.—Austin 2001), pet. dism'd, 66 S.W.3d 239 (Tex.2001). The trial court may "consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024) (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004)). However, a "court may not reach the merits if it finds a single valid basis to defeat jurisdiction." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023). "In such an instance, we must vacate the portions of the judgment that addressed the merits of the parties' claims." *Good Shepherd Med. Ctr., Inc. v. State*, 306 S.W.3d 825, 838 (Tex. App.—Austin 2010, no pet.); *see Stamos v. Houston Indep. Sch. Dist.*, No. 14-18-00340-CV, 2020 WL 1528047, at *4 (Tex. App.—Houston [14th Dist.] Mar. 31, 2020, no pet.) (mem. op.) (citing *Curry v. Harris Cnty. Appraisal Dist.*, 434 S.W.3d 815, 820 (Tex. App.—Houston [14th Dist.] 2014, no pet.)).

Any person "may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. Rule 60 authorizes a party with a justiciable interest in a suit to intervene as a matter of right. *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019). The party opposing the intervention bears the burden to challenge it by a motion

to strike. *Id.* Once such a motion is filed, the intervenor bears the burden to show a "justiciable interest" in the pending suit. *Id.* If the intervenor fails to meet this burden, the trial court has "no discretion to deny" the motion to strike. *In re Union Carbide Corp.*, 273 S.W.3d 152, 156 (Tex. 2008).

Consequently, "the 'justiciable interest' inquiry in the context of intervention is a question of jurisdiction." *Triple P.G. Sand Dev., LLC v. Nelson*, 651 S.W.3d 491, 497 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (citing *Union Carbide*, 273 S.W.3d at 156); *see also, e.g., Compton v. Port Arthur Indep. Sch. Dist.*, No. 09-15-00321-CV, 2017 WL 3081092, at *5 (Tex. App.— Beaumont July 20, 2017, no pet.) ("Issues of justiciability" are "threshold issues that implicate subject matter jurisdiction.") (citing *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012)). If the trial court has ruled the intervenor lacks a justiciable interest in the suit, the trial court has determined it lacks jurisdiction over the intervenor's plea in intervention, and the trial court resultingly "*cannot* rule on the plea[.]" *Triple P.G. Sand Dev., LLC v. Del Pino*, 649 S.W.3d 682, 698 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (emphasis in original); *see Nelson*, 651 S.W.3d at 497 (explaining "the trial court ha[s] no discretion to act in the absence of a justiciable interest.").

Here, Blanca's plea sought, inter alia, a declaratory judgment that she has a homestead right to the Las Brisas property. The final judgment twice addressed Blanca's assertion of this right. First, in what we will refer to as "Part A" of the judgment, the trial court explained its granting of the motion to strike Blanca's plea. The judgment stated:

> In granting Plaintiffs' relief to strike the intervention, the Court recognized and held that a surviving spouse's homestead is determined at the time of decedent's death. The Court held that at the time of decedent's death, Intervenor's official homestead was the property at 1601 Timber Valley Drive. The Court further held that Intervenor divested her homestead right by her own consent by agreeing with Plaintiffs and electing to sell the 1601 Timber Valley Drive property. The Court

> further held that Intervenor could not claim both properties as homestead and since Intervenor had no homestead interest to 645 Las Brisas Drive, she had no justiciable interest in the suit.

Thus, in Part A the trial court explained that because it determined Blanca has no homestead right to the Las Brisas property, Blanca had no justiciable interest in the suit. For these reasons, the trial court struck and dismissed Blanca's plea in intervention. But, later in the judgment, the trial court went further than merely explaining why it struck Blanca's plea. The final paragraph, which we will refer to as "Part B," stated the trial court "ordered, adjudged and decreed . . . that Intervenor's homestead was determined at the time of decedent's death with that being the property at 1601 Timber Valley Drive; that Intervenor divested her homestead right to the Timber Valley property by her own consent and election to sell the Timber Valley property; that this action by Intervenor caused her abandonment of her homestead; and that Intervenor had no homestead interest in 645 Las Brisas Drive[.]"

The judgment's initial explanation in Part A did not adjudicate the merits of Blanca's plea, as it merely provided the trial court's reasons for concluding Blanca failed to meet her burden to establish a justiciable interest in the suit. *See Del Pino*, 649 S.W.3d at 698; *Dolenz*, 200 S.W.3d at 341; *Powell*, 704 S.W.3d at 447.[1] However, Part B of the judgment did adjudicate the merits of Blanca's plea, specifically making judicial declarations relating to Blanca's homestead right. Once the trial court reaffirmed its striking of Blanca's plea for lack of a justiciable interest, the trial court had no discretion to rule on the merits of her plea. *Del Pino*, 649 S.W.3d at 698; *see Nelson*, 651 S.W.3d at 497. We therefore sustain Blanca's issue to the extent that we reverse and vacate the

---

[1] Blanca does not argue on appeal that the trial court erred in granting the motion to strike, so we do not opine on this issue. We also express no opinion on other related issues that have not been briefed, such as whether there was sufficient evidence that Blanca does not have a homestead right to the Las Brisas property, whether the trial court erred in concluding Blanca lacks a justiciable interest in the suit, or whether the homestead inquiry is dispositive to the justiciability inquiry. These issues are waived. *See* TEX. R. APP. P. 38.1(f), (i); *see also, e.g., Valadez v. Avitia*, 238 S.W.3d 843, 844–45 (Tex. App.—El Paso 2007, no pet.) (the reviewing court's duties do not include performing an independent review of the record to ascertain whether error exists).

following declarations from Part B of the final judgment about Blanca's assertion of a homestead right:

> . . . that Intervenor's homestead was determined at the time of decedent's death with that being the property at 1601 Timber Valley Drive; that Intervenor divested her homestead right to the Timber Valley property by her own consent and election to sell the Timber Valley property; that this action by Intervenor caused her abandonment of her homestead; and that Intervenor had no homestead interest in 645 Las Brisas Drive[.]

*See Good Shepherd*, 306 S.W.3d at 838; *Stamos*, 2020 WL 1528047, at \*4; *Curry*, 434 S.W.3d 815 at 820.

## THE TRIAL COURT'S DECLARATION THAT THE LIEN AFFIDAVIT IS VOID

Agueda argues the trial court erred by declaring the lien affidavit void in the final judgment. Specifically, she argues that once she filed her affidavit removing the lien, the Decedent's Children's declaratory judgment claim was rendered moot.

Mootness implicates subject matter jurisdiction, which is a legal question that we review de novo. *Ibarra v. City of Laredo*, No. 04-11-00035-CV, 2012 WL 3025709, at \*2 (Tex. App.—San Antonio July 25, 2012, pet. denied); *In re Smith Cnty.*, 521 S.W.3d 447, 453 (Tex. App.—Tyler 2017, no pet.); *see also Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020) (appellate courts review de novo legal question of subject matter jurisdiction). A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). To decide whether the case is moot, we ask whether a party seeking judgment retains "a 'personal stake in the outcome of the lawsuit,'" or, in other words, a "concrete interest, however small." *Tex. Dep't of Family & Protective Services v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 875 (Tex. 2025) (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016)).

A case is not rendered moot simply because some of the issues become moot. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *In re E.A.C.*, 665 S.W.3d 763, 768 (Tex. App.—San Antonio 2023, no pet.). "If only some claims or issues become moot, the case remains 'live,' at least as to other claims or issues that are not moot." *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). A plaintiff's remaining interest in obtaining attorneys' fees "breathes life" into declaratory judgment action, preventing it from being moot. *Hallman*, 159 S.W.3d at 643 (quoting *Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988)). "[A] case under the Declaratory Judgments Act remains a live controversy, even if all requests for substantive declaratory relief become moot during the action's pendency, as long as a claim for attorneys' fees under the Act remains pending." *Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 774–75 (Tex. App.—Dallas 2011, no pet.) (citing *Hallman*, 159 S.W.3d at 643; *Camarena*, 754 S.W.2d at 151–52).

It is true that, by filing her affidavit removing the lien, Agueda "extinguished" the lien, rendering it void. *Lyda Swinerton Builders, Inc. v. Cathay Bank*, 409 S.W.3d 221, 230 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). The trial court was consequently precluded from declaring the lien void. *Devon Energy, Prod. Co., L.P. v. KCS Resources, LLC*, 450 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). But, in addition to a declaratory judgment rendering Agueda's lien void, the Decedent's Children also sought attorneys' fees under the Declaratory Judgments Act. That aspect of their claim was not rendered moot by Agueda's actions. *See Kellogg Brown & Root*, 166 S.W.3d 732 at 737; *E.A.C.*, 665 S.W.3d at 768.

Thus, while we hold the trial court retained jurisdiction to determine the Decedent's Children's pending request for attorneys' fees under the Declaratory Judgments Act, we reverse

and vacate the trial court's declaration that the lien is void. *See Hallman*, 159 S.W.3d at 643; *Hansen*, 346 S.W.3d at 774–75; *Camarena*, 754 S.W.2d at 151–52.

THE TRIAL COURT'S ATTORNEYS' FEES AWARD

Finally, both Agueda and Blanca argue the trial court abused its discretion when it awarded $13,594.88 in attorneys' fees against them, jointly and severally.

### Attorneys' Fees Award Against Blanca

Blanca argues the trial court erred by awarding fees against her under the Declaratory Judgments Act because she was not a party to the declaratory judgment action and Decedent's Children did not seek attorneys' fees in their motion to strike her plea in intervention. We agree.

Texas adheres to the American Rule of attorney's fee awards, prohibiting recovery of attorneys' fees in legal proceedings unless authorized by statute or contract. *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013). The only basis for an award of attorneys' fees presented to the trial court was the Decedent Children's declaratory judgment claim. But because Blanca's plea in intervention was struck for lack of a justiciable interest, she was by definition not a party to the declaratory judgment claim for which Decedent's Children sought fees.[2] *See Triple P.G. Sand Dev., LLC v. Del Pino*, 649 S.W.3d 682, 698 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (striking or dismissing plea in intervention for lack of justiciable interest constitutes determination that trial court lacks jurisdiction over plea); *see also Massachusetts Bay Ins. Co. v. Adkins*, 615 S.W.3d 580, 602 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (explaining intervenors are not

---

[2] "An award of attorneys' fees is proper against only the parties to a claim for which attorneys' fees are available." *In re Z.O.M.*, 613 S.W.3d 638, 643 (Tex. App.—San Antonio 2020, no pet.) "Attorneys' fees may not be awarded against a person who is not a party to the claim for which attorneys' fees are available." *Id.* (citing *Satellite Earth Stations E., Inc. v. Davis*, 756 S.W.2d 385, 387 (Tex. App.—Eastland 1988, writ denied)).

"parties to the lawsuit" once trial court grants motion to strike); *Ctr. Rose Partners, Ltd. v. Bailey*, 587 S.W.3d 514, 531 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (explaining same).[3]

The trial court therefore abused its discretion in awarding attorneys' fees against Blanca. We, therefore, reverse the award of attorneys' fees against Blanca and render judgment that the Decedent Children take nothing against her.

**Attorneys' Fees Awarded Against Agueda**

Agueda argues the trial court erred by awarding fees against her, as a party to the declaratory judgment action, because it awarded the full amount of attorneys' fees incurred by the Decedent's Children, which included fees relating to their motion to strike Blanca's plea. We agree.

Awards of attorneys' fees under the Declaratory Judgments Act are reviewed for an abuse of discretion. *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 534 S.W.3d 558, 595 (Tex. App.—San Antonio 2017), aff'd, 593 S.W.3d 324 (Tex. 2020). If some evidence reasonably supports the trial court's decision, the court has not abused its discretion. *Id.* (citing *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 706 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). If the trial court misinterprets or misapplies the law or acts arbitrarily or unreasonably, it has abused its discretion. *Id.* (citing *Tanglewood Homes Ass'n v. Feldman*, 436 S.W.3d 48, 69 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)).

In an action under the Declaratory Judgments Act, "the court may award costs and reasonable and necessary attorneys' fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009. A trial court abuses its discretion by awarding fees under the Declaratory Judgments Act

---

[3] Blanca was a "party" to the final judgment only in the sense that the trial court's order granting the motion to strike Blanca's plea merged into the final judgment, and Blanca had a right to appeal the striking of her plea. *See Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 362 (Tex. 2021). This makes her a party to the appeal, not a party to Decedent's Children's declaratory judgment claim. *See id.*

when (1) there was insufficient evidence that the fees were reasonable and necessary or (2) its determination that the fees awarded were equitable and just was made arbitrarily, unreasonably, or without regard to guiding legal principles. *Courtade v. Gloria Lopez Estrada Family Tr.*, No. 02-14-00295-CV, 2016 WL 1164159, at *5 (Tex. App.—Fort Worth Mar. 24, 2016, no pet.) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20–21 (Tex. 1998)). "Whether it is 'equitable and just' to award attorneys' fees depends, not on direct proof, but on the concept of fairness, in light of all the circumstances of the case." *Kartsotis v. Bloch*, 503 S.W.3d 506, 520 (Tex. App.—Dallas 2016, pet. denied) (quoting *Austin Jockey Club, Ltd. v. Dallas City Limits Prop. Co., L.P.*, No. 05–14–00114–CV, 2015 WL 3549645, at *8 (Tex. App.—Dallas June 5, 2015, pet. denied) (mem. op.)).

Here, Agueda filed her affidavit rendering her lien void before the motion to strike, had no involvement in the filing of Blanca's plea in intervention, and did not make any arguments opposing Decedent's Children's motion to strike the plea. Thus, we conclude there was no basis for awarding against Agueda the attorneys' fees incurred in filing and litigating the motion to strike that was filed against Blanca. By doing so, the trial court abused its discretion. *See Courtade*, 2016 WL 1164159, at *5 (trial court abuses its discretion if insufficient evidence fees were reasonable and necessary or if determination that fees awarded were equitable and just was unreasonable).

Therefore, we reverse the trial court's award of attorneys' fees against Agueda and we remand for further proceedings on Decedent's Children's request for attorneys' fees against Agueda. *See Teal Trading*, 534 S.W.3d at 596; *Geter*, 620 S.W.3d at 712.[4]

---

[4] Agueda also argues Decedent's Children were not entitled to any fees at all because they were not prevailing parties in that Agueda's filing of the affidavit removing the lien resolved the case without the trial court declaring the initial lien affidavit void. However, Decedent's Children need not be prevailing parties to secure fees under the Declaratory Judgments Act. *See Teal Trading*, 534 S.W.3d at 596. Furthermore, as explained *supra*, the case was not mooted by Agueda's filing of the affidavit removing the lien, since the claim for attorneys' fees was pending. *Hallman*, 159 S.W.3d at 643; *Hansen*, 346 S.W.3d at 774–75. Finally, we need not address Agueda's argument that the fees should have been segregated. *See* TEX. R. APP. P. 47.1; *RSL Funding, LLC v. Metro. Life Ins. Co.*, 728 S.W.3d 194, 221 (Tex. App.—Houston [1st Dist.] 2025, no pet.), reh'g denied (Nov. 18, 2025) (complaint of failure to segregate fees waived if no objection in trial court).

**CONCLUSION**

We reverse and vacate the declarations from the final judgment determining Blanca's homestead right because these declarations constituted an improper ruling on the merits of Blanca's plea in intervention. *See Good Shepherd Med. Ctr., Inc. v. State*, 306 S.W.3d 825, 838 (Tex. App.—Austin 2010, no pet.); *Curry v. Harris Cnty. Appraisal Dist.*, 434 S.W.3d 815, 820 (Tex. App.—Houston [14th Dist.] 2014, no pet.)). Furthermore, we vacate that portion of the final judgment that made a judicial determination that Agueda's lien is void. *See Premier Towers, LP v. Carmichael*, 665 S.W.3d 912, 918 (Tex. App.—Houston [14th Dist.] 2023, no pet.). We reverse the final judgment's award of attorneys' fees against Blanca and render judgment that Decedent Children take nothing against her. *See Z.O.M.*, 613 S.W.3d at 643. Finally, we reverse the final judgment's award of attorneys' fees against Agueda and remand for further proceedings on Decedent's Children's request for attorneys' fees against Agueda. In all other respects, we affirm the trial court's judgment.

Lori Massey Brissette, Justice